IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KATHY STRATTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23-CV-95 |
| | ) | |
| CITY OF KANNAPOLIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

This matter is before the Court on motions to dismiss filed by the defendants. The United States Magistrate Judge filed a recommendation suggesting that the motions should be granted in part and denied in part. In accordance with 28 U.S.C. § 636(b), the Clerk served the recommendation on the parties. The plaintiff and the Kannapolis defendants filed objections to the recommendation. Docs. 171, 172. After *de novo* consideration of the objections and the record, the Court adopts the Magistrate Judge's Recommendation.

I.  **Plaintiff's Objections**

   A. **Order Allowing some Defendants to file SJ Motions**

The plaintiff first objects to the Magistrate Judge's order that Defendants Prunty, Wade, Hoehman, and Livengood may file summary judgment motions by March 13, 2024. Doc. 172 at 2–8; Doc. 166 at 38. In her Order and Recommendation, the Magistrate Judge explained that these defendants' motions to dismiss were not based solely on facts alleged in the complaint and that conversion into summary judgment

motions under Rule 12(d) would be confusing and result in an "unwieldy" process given the complexity of the docket. Doc. 166 at 31. Instead, the Magistrate Judge concluded it would be more efficient to permit the defendants to file summary judgment motions, attaching all of the relevant documents, affidavits, and other evidence in one place. Doc. 166 at 31. Thus, the Magistrate Judge recommended that the motions to dismiss "be denied to the extent they rely on additional documents or facts" and ordered that the defendants "may file Motions for Summary Judgment" instead. Doc. 166 at 31.

The plaintiff has objected to this recommendation, objecting to the consideration of defendants' documents even for case management purposes and contending that summary judgment motions are premature because she questions the authenticity of the defendants' documents and she has not had the opportunity to engage in discovery. Doc. 172 at 3–7. But the Magistrate Judge did not abuse her discretion in authorizing summary judgment motions. She specifically noted that the plaintiff could address needed discovery in her response to any summary judgment motion, and there is nothing improper about taking the record into account in making case management decisions. This objection is overruled.

### B. Recommendation to Dismiss Claims against Maryland Defendants for Absence of Personal Jurisdiction

The plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss for lack of personal jurisdiction the Maryland Defendants (Hart, Harmon, Harris, Jerry, Beswick, Cupples, Talley, Bagwell, Botfort, Charles County, and Fields). She contends that the court has personal jurisdiction based on the participation of these

2

defendants in a civil conspiracy with persons in North Carolina. Doc. 172 at 8–11; Doc. 116 at 37. But as the Magistrate Judge accurately explained, the plaintiff did not plausibly allege a civil conspiracy claim. *See* Doc. 166 at 19-20 (citing Plaintiff's Doc. 97 at 4–5; Doc. 99 at 5; Doc. 103 at 5, 10, 18, 21). Her objections do little more than repeat her conclusory assertions in the complaint.

### C. Objection 3: Recommendation to Dismiss Monell Claims

The plaintiff objects to the Magistrate Judge's recommendation that the *Monell* claims against the City of Newburg, the City of Kannapolis, Mecklenburg County, and Charles County be dismissed. Doc. 172 at 11-18; Doc. 166 at 30. But as the Magistrate Judge correctly explained, to state a claim against a city or county under *Monell*, the plaintiff must allege that the violation occurred as a result of a city/county policy. The plaintiff's conclusory policy and practice allegations in the complaint are insufficient to state a claim.

## II. Kannapolis Defendants' Objection to denial of Motion to Dismiss claims against defendants Hoehman and Livengood in their individual capacity (Doc. 171)

The Kannapolis defendants (City of Kannapolis, Kannapolis police officers Livengood, Caudle and Hoehman) object to the recommendation to deny their motion to dismiss as to Defendants Hoehman and Livengood in their individual capacities and ask the Court to grant their motion to dismiss in full. Doc. 171 at 4; Doc. 166 at 38. They have not, however, specifically identified any flaws in the Magistrate Judge's analysis, instead simply pointing to their original briefing. The Court need not conduct de novo

3

review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982).

Even on *de novo* review, there is no error. The Magistrate Judge correctly held that to the extent the plaintiff's claims against these officers are based on their actions at her home on January 24, 2020, the complaint on its face establishes that these claims are barred by the statute of limitations. But as the Magistrate Judge also noted, the plaintiff alleges that some actions of these defendants took place after January 24, 2020.

These defendants, in the alternative, ask for clarification and raise various case management questions. These matters are more appropriately raised with the Magistrate Judge, as they are not true objections.

It is **ORDERED** that:

1. The motions to dismiss by the Maryland defendants Hart, Doc. 19; Harmon, Harris and Jerry, Doc. 39; Beswick, Cupples and Talley, Doc. 72; and Bagwell, Botfort, Charles County and Fields, Docs 41, 130, are **GRANTED** and the claims against them are **DISMISSED without prejudice** for lack of personal jurisdiction;

2. The City of Newburg is **DISMISSED** as a defendant on the basis that the complaint fails to state a claim;

3. The motion to dismiss by Defendants Mecklenburg County, Prunty, and Wade, Doc. 47, is **DENIED** as to Defendants Prunty and Wade in their individual capacities and **GRANTED** as to the claims against Prunty and

4

Wade in their official capacities and **GRANTED** as to all claims against Mecklenburg County.

4. The City of Kannapolis and defendants Hoehman and Livengood's motion to dismiss, Doc. 101, is **DENIED** as to the claims against defendants Hoehman and Livengood in their individual capacities based on events occurring after February 1, 2020, and **GRANTED** as to the claims against Hoehman and Livengood in their individual capacities based on events occurring on or before February 1, 2020, and claims against them in their official capacities, and **GRANTED** as to the Monell claims against the City of Kannapolis;

5. Briefing for summary judgment may proceed as authorized by the Magistrate Judge.

6. To the extent the City of Kannapolis asks for clarification, the matter is referred to the Magistrate Judge for discussion at the Initial Pretrial Conference or otherwise as she deems appropriate.

7. The plaintiff's motion to amend her objections, Doc. 180, is **DENIED** as moot. Going forward, the plaintiff **SHALL** comply with the word limits and other requirements in the Local Rules and in the Court's Standard Order filed January 31, 2024, at Doc. 165.

This the 1st day of April, 2024.

UNITED STATES DISTRICT JUDGE