IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KATHY STRATTON,                )
                               )
                Plaintiff,     )
                               )
v.                             )        1:23-CV-95
                               )
CITY OF KANNAPOLIS, et al.,    )
                               )
                Defendants.    )

## ORDER AND JUDGMENT

The plaintiff brought this civil rights action alleging violations of the First, Fourth, Fifth, and Fourteenth Amendments. The defendants have moved for summary judgment. The United States Magistrate Judge recommends granting the motions, Doc. 205, and the plaintiff objects. After de novo review, the Court adopts the Magistrate Judge's Recommendation in full.

The plaintiff has filed two paper writings, each of which she entitles "Plaintiff's Objection to Magistrate's Report and Recommendations, Doc. 206." Docs 210 and 211. There are some spacing differences in the two paper writings, but the documents are largely the same, at least for the first few pages; the only easily noticeable exception is that the "objections" at Doc. 210 are not signed.

After the defendants responded to her objections, Ms. Stratton filed another paper writing she entitled "Amended Doc. 211 Objections to MJRR For Word Count Compliance." Doc. 214. She also filed a motion for more time to file a reply brief in support of her motions. Doc. 215.

Rule 11 of the Rules of Civil Procedure requires every paper to be signed. Therefore, the Court will not review or consider the unsigned objections at Doc. 210.

The Court has reviewed and fully considered the objections filed at Docket 211. The Court has also reviewed the exhibit proffered by the plaintiff at Doc. 211-1, but it is not clear what it is or why it matters. There is no reason to deviate from the usual rule that the time to present evidence is during the summary judgment briefing, not with objections. Even if the exhibit were considered, it would not change the result.

The plaintiff is not entitled to file multiple objections, nor is she allowed to "amend" her objections weeks after those objections were due. Finally, the Local Rules do not allow reply briefs in support of objections, and there is not good cause to allow a reply brief here.

The plaintiff's claims are dependent, as the Magistrate Judge correctly explained, on her factual assertion that the missing person reports were non-existent or fraudulently created and that court custody orders were fraudulent or invalid. The plaintiff offered no evidence to support these claims. The certified records show exactly what the Magistrate Judge says they show.

The Magistrate Judge carefully reviewed the plaintiff's claims, fully and accurately set forth a number of reasons why the defendants are entitled to summary judgment, and clearly explained why the plaintiff's arguments do not prevail. Nothing in the plaintiff's objections undermines the analysis of the Magistrate Judge.

It is **ORDERED AND ADJUDGED** that the defendants' motions for summary judgment, Docs. 173, 175, are **GRANTED**; the plaintiff's motion to vacate, Doc. 199,

and motion for extension of time, Doc. 215, are **DENIED,** and this action is

**DISMISSED with prejudice**.

This the 24th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE

3